IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JACOB BERBERICK,<br><br>Defendant. | CR 20-119-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated the conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 47.)

On November 27, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to a term of time served to December 2, 2024, followed by 35 months of supervised release.

I.   **BACKGROUND**

In 2021, Defendant pled guilty to the offense of prohibited person in possession of a firearm. (Doc. 26.) On October 6, 2021, the Court sentenced him to 30 months imprisonment, to be followed by 36 months supervised release.

1

(Doc. 41.)  Defendant began serving his term of supervised release on January 18, 2024.

On October 25, 2024, the United States Probation Office filed the petition now at issue.  The petition alleges that Defendant violated three conditions of his supervised release and provides a brief explanation of each violation.  (Doc. 45.)  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest.  (Doc. 46.)  On November 2, 2024, Defendant was arrested.  (*See* Doc. 51.)  On November 6, 2024, Defendant made an initial appearance.  (Doc. 48.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  The Court set the final revocation hearing for November 19, 2024.  The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing.  (*Id.*)  On November 12, 2024, Defendant moved for a continuance of the final revocation hearing, and the Court reset the hearing for November 27, 2024.  (*See* Docs. 54, 55.)

## II. FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Evangelo Arvanetes.  Kelsey Hendricks represented the United States.  The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence.  After

2

consenting to proceed, Defendant admitted all the violations as alleged in the amended petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is VI, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 8–14 months incarceration. Defendant could also be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Defendant has been accepted for a 30 to 60-day program for inpatient substance abuse treatment at the Recovery Centers of Montana (RCM), with a bed date of December 2, 2024. Both parties requested that Defendant be permitted to attend treatment at RCM. Counsel for the United States requested that the Court order Defendant to attend inpatient treatment for a period of 30–60 days, followed by supervised release. Defendant's counsel requested that the Court order Defendant to attend inpatient treatment at RCM, to be followed by placement in a sober living home for a period of 90 days as a condition of his supervised release.

/ / /

/ / /

Following the hearing, and pending Judge Christensen's action on these Findings and Recommendations, the Court ordered that Defendant be released from custody on December 2, 2024, directly to staff of RCM to be transported to RCM's treatment facility in Columbia Falls, Montana.

### III.   ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to a term of time served to December 2, 2024, followed by 35 months of supervised release.

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, all of Defendant's current violations relate to a relapse of methamphetamine use. Other than his unlawful use of controlled substances, Defendant has not committed any new criminal violations.

With respect to Defendant's history and characteristics, Defendant has a long history of substance abuse. He has multiple convictions for possession of illegal substances and driving under the influence of alcohol or controlled substances. He also has several convictions for partner or family member

assault—undoubtedly related to his substance abuse—and had a criminal history category VI when convicted of the underlying offense.

When Defendant began his current term of supervised release, however, he was quickly able to obtain employment and housing, and was compliant with the conditions of his supervised release for approximately nine months.  But he ultimately relapsed with methamphetamine use, resulting in this revocation.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct.  Defendant has been in custody for almost one month.  This is his first revocation, and hopefully his arrest and detention will make it clear that he will be required to comply with the conditions of his supervised release and will deter future violations.

In addition, the undersigned has considered the need to protect the public from further violations.  A sentence of time served to December 2, 2024, followed by 35 months of supervised release, is sufficient to accomplish this purpose.  The public will be best protected from further violations by Defendant's abstinence from alcohol and drugs.  Providing for inpatient treatment at this time, followed by a term of supervised release where Defendant's compliance can be monitored, is the best alternative for protecting the public from future violations.

/ / /

/ / /

Finally, the undersigned has considered the need for future educational and correctional treatment. Defendant clearly requires substance abuse treatment. He was given the opportunity to participate in outpatient treatment while on supervised release and did not take advantage of that opportunity. Nevertheless, Defendant has reportedly benefitted from inpatient treatment on a long-term basis previously. Defendant stated that he was sober for several years after going through inpatient treatment in 2005, and he will hopefully gain long-term sobriety from treatment at RCM.

Therefore, pursuant to the Sentencing Reform Act of 1984, and after considering the above factors, the undersigned finds that a sentence of time served to December 2, 2024, followed by 35 months of supervised release, is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

## IV.  CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

///

Based on Defendant's admissions at the hearing, the Court makes the following FINDINGS:

1. Defendant violated the special condition that he must participate in substance abuse testing when he failed to report and provide random urinalysis samples on April 29, 2024; July 10, 2024; September 11, 2024; September 30, 2024; and October 3, 2024.

2. Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance when he tested positive for methamphetamine on September 16, 2024; October 4, 2024; October 9, 2024; and October 17, 2024.

3. Defendant violated the special condition that he must participate in substance abuse treatment when, on October 22, 2024, Alternatives Inc. informed Defendant's probation officer that the facility would no longer provide services for Defendant due to hostility, anger, an unwillingness to engage, and behaviors that bordered on intimidation.

Accordingly, IT IS RECOMMENDED that the Court should revoke Defendant's supervised release, and sentence Defendant to a term of time served to December 2, 2024, followed by a 35-month term of supervised release.

/ / /

/ / /

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 27th day of November, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge