IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL JACOB BERBERICK,<br><br>Defendant. | CR 20-119-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated the conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 70.)

On May 30, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to ten (10) months incarceration, with no supervised release to follow.

**I.   BACKGROUND**

In 2021, Defendant pled guilty to the offense of being a prohibited person in possession of a firearm. (Doc. 26.) On October 6, 2021, the Court sentenced him to 30 months imprisonment, followed by 36 months supervised release. (Doc. 41.) Defendant began serving his term of supervised release on January 18, 2024.

On December 12, 2024, Defendant's supervised release was revoked for failure to participate in substance abuse testing, failure to refrain from unlawful use of a controlled substance, and failure to participate in substance abuse treatment. (Doc. 65.) He was sentenced to a custodial term of time served, followed by 35 months of supervised release. Defendant began his term second term of supervised release on November 27, 2024.

On April 4, 2025, the United States Probation Office filed the petition now at issue. The petition alleges that Defendant violated four conditions of his supervised release and provides a brief explanation of each violation. (Doc. 68.) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 69.) On May 14, 2025, Defendant was arrested. (*See* Doc. 77.) On May 15, 2025, Defendant made an initial appearance. (Doc. 71.) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id.*)

## II.  FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Evangelo Arvanetes. Kelsey Hendricks represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence. After

consenting to proceed, Defendant admitted all the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is VI, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 8–14 months incarceration. Defendant could also be sentenced to as much as 35 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a custodial sentence of 12 months, followed by 12 months of supervised release. Defendant's counsel requested a custodial sentence of 8 months, with no supervised release to follow.

## III.  ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to a term of ten (10) months custody, with no supervised release to follow.

/ / /

/ / /

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to the nature and circumstances of the violations, Defendant's current violations are of the same nature as the violations involved in his first revocation: failure to participate in substance abuse testing, failure to participate in substance abuse treatment, use of controlled substances, and failure to follow the instructions of his probation officer. The one positive aspect of Defendant's conduct on supervised release is that none of his violations involve new crimes, other than his use of controlled substances. These violations all relate to his addiction to methamphetamine, and do not warrant a sentence at the high end of the revocation guideline range.

With respect to Defendant's history and characteristics, Defendant has a significant criminal history. When Defendant was sentenced for the underlying offense at age 37, he had attained a criminal history category of VI. As for his history on supervision, it appears that Defendant initially did well for a few months following his initial release from custody in January 2024, and he also completed inpatient substance abuse treatment following his first revocation in November 2024, but he has otherwise done very poorly on supervision.

/ / /

The undersigned has also considered the need to afford adequate deterrence to criminal conduct and protect the public from further violations. On his first revocation, Defendant was given a sentence of time served (approximately one month) and was allowed to participate in inpatient substance abuse treatment. This sentence was not sufficient to afford deterrence. Hopefully, a term of ten months incarceration will provide deterrence for future criminal conduct and protect the public from further crimes.

Finally, the undersigned has considered the need for future educational and correctional treatment. Defendant could benefit from additional treatment and programming to address his substance abuse problem. Nevertheless, he has been given several opportunities to obtain treatment including inpatient treatment, outpatient treatment, and sober living, and none of those interventions have had any long-term impact. Additionally, he has previously been terminated from treatment services based on his hostility, anger, and intimidating conduct during his treatment sessions. He has shown that he is not amenable to treatment and supervision, and an additional term of supervised release would not be of any benefit to Defendant or the public.

/ / /

/ / /

/ / /

Therefore, pursuant to the Sentencing Reform Act of 1984, and after considering the above factors, the undersigned finds that a sentence of ten (10) months incarceration is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

## IV. CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following FINDINGS:

1. Defendant violated the special condition that he must participate in substance abuse testing when he failed to provide random urinalysis samples on February 19, 2025, February 28, 2025, March 11, 2025, and March 19, 2025.

2. Defendant violated the special condition that he must participate in substance abuse treatment when he failed to report for a scheduled intake appointment for enrollment in substance abuse treatment on March 12, 2025, and subsequently failed to report for scheduled substance abuse treatment sessions on March 19, 2025, March 20, 2025, March 26, 2025, and April 2, 2025.

3. Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance when he submitted a urine sample on March 13, 2025, that tested positive for methamphetamine, and when he submitted urine samples on March 21 and March 25 that tested positive for amphetamine and methamphetamine.

4. Defendant violated the standard condition that he must follow the instructions of the probation officer related to the conditions of supervision when his probation officer contacted him on March 21, 2025, and instructed him to report to the probation office on March 24, but Defendant failed to do so; and when, after being instructed on November 30, 2024, to actively gain lawful employment, Defendant subsequently failed to do so.

Accordingly, IT IS RECOMMENDED that the Court should revoke Defendant's supervised release, and sentence Defendant to a term of ten (10) months incarceration, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to

which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

      DATED this 30th day of May, 2025.

                                        _____
                                        TIMOTHY J. CAVAN
                                        United States Magistrate Judge